CAMILO ECHAVARRIA (State Bar No. 192481)
 camiloechavarria@dwt.com
AARON N. COLBY (State Bar No. 247339)
 aaroncolby@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
BANK OF AMERICA, N.A. incorrectly named as
BANK OF AMERICA CORPORATION

FILED
CLERK, U.S. DISTRICT COURT
JUN 23 2011
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI FAIRFIELD,<br><br>            Plaintiff,<br><br>      vs.<br><br>BANK OF AMERICA<br>CORPORATION and DOES 1 through<br>100, inclusive,<br><br>            Defendants. | Case No. LACV11-5268 JHN(Ex)<br><br>**NOTICE OF REMOVAL OF<br>ACTION UNDER 28 U.S.C. § 1441<br>(DIVERSITY)**<br><br>State Action Filed: May 19, 2011 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant BANK OF AMERICA, N.A. incorrectly named as BANK OF AMERICA CORPORATION ("Defendant"), hereby removes to this Court the state court action described below. In support of this Notice of Removal, Defendant alleges as follows:

1.   On or about May 19, 2011, plaintiff ELI FAIRFIELD ("Plaintiff") filed the above-entitled action as Civil Case No. 30-2011-00474469 in the Superior Court of the State of California, County of Orange ("State Action"). A true and correct copy of the Complaint in the State Action ("Complaint") is attached hereto as Exhibit A.

2.   Defendant first received a copy of the Complaint by regular mail on May 26, 2011. Defendant signed a Notice of Acknowledgment and Receipt on June 13, 2011, which effectuated service. True and correct copies of the Summons, received by Defendant in the State Action are collectively attached hereto as Exhibit B. The signed Notice of Acknowledgement and Receipt is attached hereto as Exhibit D. Accordingly, this Notice of Removal is timely filed within the 30-day period set forth in 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S. Ct. 1322, 1328, 143 L. Ed. 2d 448, 459 (1999).

3.   Does 1 through 100 represent the other defendants in this action. Because Does 1 through 10 are fictitious, as discussed below, and because they have not yet been served, their consent to joinder in removal is not necessary. *See Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429-30 (9th Cir. 1984) (defendants named in the state court action but not yet served need not be joined in the removal); *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Cmty. Bldg. Co. v. Md. Cas. Co.*, 8 F.2d 678, 678-79 (9th Cir. 1925).

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

4.      On June 21, 2011, Defendant filed its Answer to the Complaint in the State Action, a true and correct copy of which is attached hereto as Exhibit H.

## DIVERSITY JURISDICTION

5.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and is one which may be removed to this Court under 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Because the State Action is pending in the Central District of the Los Angeles County Superior Court, removal of the State Action to this District Court is proper under 28 U.S.C. § 1446(a).

6.      Plaintiff alleges in his Complaint that, at all relevant times, he was and is a resident of the County of Los Angeles, State of California. (Complaint, ¶ 1). In addition, Plaintiff is a former employee of Bank of America, N.A. and he worked in California for the Bank from on or about April 20, 2009, until on or about February 9, 2011. Accordingly, Plaintiff was at the time of filing the State Action, and is now, a citizen of the State of California, residing in Orange County.

7.      Defendant is not at the time of filing of the State Action, and is not now, a citizen of the State of California. For purposes of diversity jurisdiction, under 28 U.S.C. § 1332 and § 1348, a national banking association is a citizen of the state in which its main office, as set forth in its Articles of Association, is located. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797, 803 (2006). As of the date of filing of the State Action and from such date through the date of filing of this Notice of Removal, Defendant Bank of America, N.A. was and is a national banking association organized and existing under the laws of the United States. Defendant Bank of America, N.A.'s main office, as designated in its Articles of Association, is Charlotte, North Carolina. Although not determinative of citizenship, Defendant Bank of America, N.A.'s principal place of business and nerve center is Charlotte, North Carolina.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendant Bank of America, N.A., furthermore, is incorporated under the laws of the State of Delaware.

8.    Pursuant to 28 U.S.C. § 1441(a), "[f]or purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." Thus, the fictitious "Does 1 to 100" in this action shall be disregarded for determining diversity jurisdiction, and there is complete diversity between the parties for purposes of removal.

9.    The amount in controversy in this matter also exceeds the sum or value of $75,000 for a myriad of reasons.  Where the Complaint does not specifically state that more than $75,000 is sought, the defendant "has the burden of establishing that removal is proper" by setting forth appropriate facts to support jurisdiction.  *Gaus v. Miles, Inc.*, 980 F. 2d 564, 566 (9th Cir. 1992).  In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted).  In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000.  *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of her own claims against a single defendant") (internal quotations omitted).

10.   The allegations in Plaintiff's Complaint in this case confirm that Plaintiff seeks well in excess of $75,000.  Plaintiff alleges that he was an employee of Defendant and that his employment was improperly terminated, in breach of an employment contract between the parties and in breach of the covenant of good faith and fair dealing.  (*See* Ex. A – Complaint, ¶¶ 5-17).  Plaintiff seeks the recovery of lost wages and employment benefits.  (*See Id.* at ¶¶ 12 and 16).  For 2010, Plaintiff made $703,890.08, which equates to $58,657.51 per month.  Four

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and a half months (4 months, 14 days) have elapsed since Plaintiff's employment ended on February 9, 2011; therefore, Plaintiff's lost wage earnings alone at this time exclusive of benefits, equals approximately $263,958.77.  Through trial, this amount could exceed $1,000,000.

11.     Plaintiff also seeks to recover punitive damages in his third cause of action, which must also be considered.  (*See* Ex. A – Complaint, ¶¶ 21.)  *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).  Plaintiff also seeks to recover emotional distress damages.  (*See* Ex. A – Complaint, ¶¶ 13 & 17.)  Where a plaintiff alleges serious claims for a defendant's misconduct and seeks both compensatory, emotional distress, and punitive damages, courts have found it to be facially apparent that the matter in controversy exceeds $75,000.  *See, e.g., White v. FCI USA, Inc.*, 319 F.3d 672, 674-76 (5th Cir. 2003) (jurisdictional amount satisfied based on general damage allegations in complaint); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (jurisdictional amount satisfied based on damage claims for pain and suffering and humiliation).

12.     As there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) and it is removable under 28 U.S.C. § 1441.

13.     Because the State Action is pending the Los Angeles County Superior Court, removal of the State Action to this District Court is proper under 28 U.S.C. §§ 1441(a), 1446(a).

14.     Venue is proper in this District under 28 U.S.C. § 1391(a)(2) because Plaintiff was employed within this District and thus, a substantial part of the events or omissions giving rise to Plaintiff's Complaint took place in this District.

15.     The following constitutes all of the process, pleadings, or orders received or served by Defendant or otherwise found in the State Action court file,

NOTICE OF REMOVAL
DWT 17437929v1 0089481-000039

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and available to Defendant at the time of the filing of this removal.  True and correct copies are attached:

|  | Ex. A. | Complaint, filed by Plaintiff; |
|---|---|---|
|  | Ex. B. | Summons; |
|  | Ex. C. | Civil Case Cover Sheet, Addendum and Statement of Location; |
|  | Ex. D. | Notice of Acknowledgment and Receipt; |
|  | Ex. E.; | Notice of Case Management Conference; |
|  | Ex. F. | ADR Information Package; |
|  | Ex. G. | OSC re Other (Failure to Prosecute); and |
|  | Ex. H. | Answer by Defendant to Unverified Complaint. |

16.  Concurrently with the filing of this Notice, Defendant has provided written notice of removal to all adverse parties and has filed a copy of this Notice of Removal with the Clerk of the Los Angeles County Superior Court.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

17.     Defendant has good and sufficient defenses to this action and do not waive any defenses, jurisdictional or otherwise, by the filing of this Notice.

Based on the foregoing, Defendant hereby removes this action from the Orange County Superior Court to this Court, and requests that further proceedings be conducted in this Court as provided by law.


DATED:  June 23, 2011                    DAVIS WRIGHT TREMAINE LLP
                                         CAMILO ECHAVARRIA
                                         AARON N. COLBY


                                         By:
                                              Camilo Echavarria

                                         Attorneys for Defendant
                                         BANK OF AMERICA, N.A. incorrectly
                                         named as BANK OF AMERICA
                                         CORPORATION

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A

Paul E. Smithers
State Bar No. 104917
**SMITHERS & PLAYER**
ATTORNEYS AT LAW
17190 BERNARDO CENTER DRIVE
SAN DIEGO, CA 92128
TELEPHONE  (858)  692-1800
FACSIMILE   (858)  487-9899
Attorneys for Plaintiff ELI FAIRFILED

(SPACE BELOW FOR FILING STAMP ONLY)

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 1 9 2011

John A. Clarke, Executive Officer/Clerk

By T. Rhodes, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

### SOUTHWEST DISTRICT

CASE NO.   YC064839

ELI FAIRFIELD

            Plaintiff,

      v.

BANK OF AMERICA CORPORATION and
DOES 1 through 100, inclusive,

            Defendants.

COMPLAINT  FOR BREACH OF
CONTRACT (WRONGFUL TERMINATION);
BREACH OF COVENANT OF GOOD FAITH
AND FAIR DEALING; VIOLATION OF
PUBLIC POLICY

**GENERAL CIVIL**

CASE ASSIGNED FOR
AL... ...SES TO

Judge_____ Gary Nishimoto

Dept._____ Div._____

PLAINTIFF, ELI FAIRFIELD for causes of action against the Defendants, and each of them, alleges as follows:

1.      Plaintiff ELI FAIRFIELD is, and at all relevant times herein was, an individual who resides in the County of LOS ANGELES, State of California.

1

1    2.    Plaintiff is informed and believes that Defendant Bank of America Corporation

2    (BAC) is licensed to business in the State of California and has offices in the County of Los Angeles,

3    and the City of Torrance.

4    3.    That the true names or capacities, whether individual, corporate, associate, or

5    otherwise, of defendants DOES I through 100, inclusive, are unknown to Plaintiff, who therefore

6    sues said defendants by such fictitious names.  Plaintiff is informed and believes and therefore

7    alleges that each of the defendants designated herein as a DOE defendant is legally responsible in

8    some manner for the events and happenings herein referred to, and legally caused injury and

9    damages proximately thereby to Plaintiff as herein alleged.  Plaintiff is informed and believes and

10    thereupon alleges that DOES I through 100 are business organizations authorized to do business in

11    the State of California.

12    4.    That at all times herein mentioned, defendants, and each of them, were the agents and

13    employees of each of the remaining defendants, and were at all times acting within the scope of said

14    agency and employment, and each defendant has ratified and approved the acts of his agent and/or

15    employee.

16    5.    On or about April 20, 2009, Plaintiff began his employment with Defendant BAC as

17    a mortgage loan officer. During the tenure of Plaintiff's employment with BAC, he was consistently

18    awarded for outstanding loan volume and performance, and won every performance category for the

19    entire region. Plaintiff consistently received outstanding employee evaluations. During his

20    employment with BAC, Plaintiff was repeatedly told by his managers that his performance was

21    exemplary.

22    6.    On February 8, 2011, Plaintiff was advised that a loan he had been working on for a

23    customer for several months was not going to be approved. The loan fit within all the criteria set

24    forth by BAC, but still the underwriting department of BAC refused to approve the loan. When

25    Plaintiff got this news, he advised his immediate supervisor that he intended to send an email to the

26    customer advising him that the loan was not going to be approved, and that the customer was

27    welcome to complain to BAC management, as the loan application had been pending for several

28

1 | months and otherwise fit within the BAC criteria for approval. Plaintiff's supervisor gave Plaintiff

2 | permission to send the email and Plaintiff did so, with copies to all of Plaintiff's managers.

3 |        7.     Immediately following the email, Plaintiff received an email from BAC Senior Vice

4 | President Franco M. Terango, wherein Mr. Terango stated his displeasure in seeing the email. Mr.

5 | Terango said that he would explain why he was unhappy with the email and that they would further

6 | discuss the matter. Plaintiff did not receive any other comments, warnings, letters, meetings, or any

7 | other communications regarding the matter until he was summarily terminated by letter the next day

8 | on April 9, 2011. Ironically, the loan that was the center of the controversy was funded by BAC a

9 | few weeks after Plaintiff was wrongfully terminated.

**FIRST CAUSE OF ACTION**

(Breach of Contract)

12 |        8.     Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation

13 | contained in paragraphs 1 through 7 above, and further allege:

14 |        9.     Plaintiff was employed with BAC under a contract that was partly written, partly

15 | oral, and partly implied. The terms of the contract relied on by Plaintiff included, but were not

16 | limited to: Written personnel policies that provided that if an employee was performing

17 | unsatisfactorily, the employee would be disciplined in accordance with Defendants' progressive

18 | disciplinary steps; Employees would be treated fairly and in accordance with the laws of the State of

19 | California; Plaintiff had a contract of employment for so long as he performed his job in a

20 | satisfactory manner, and discharge could only be for good cause proven and then would be carried

21 | out only in accordance with Defendants' policies, both written and implied, and by actions taken by

22 | Defendants towards other employees in similar situations.

23 |       10.    BAC breached its contract with Plaintiff by failing to treat Plaintiff in accordance

24 | with its policies, both stated and implied, and by terminating Plaintiff without good cause, in breach

25 | of the promises made to Plaintiff, and without following Defendants' own policies and practices.

26 |       11.    BAC has refused and continues to refuse to allow Plaintiff the benefits of his

27 | employment contract and to perform under this contract in the agreed upon manner. Plaintiff has at

28 |

1   all times duly performed all the conditions of the employment agreement until prevented from doing

2   so by BAC.

3        12.    As a direct, foreseeable, and proximate result of BAC's breach, Plaintiff has suffered

4   and continues to suffer substantial losses in earnings, bonuses, and job benefits, and expenses

5   incurred in the search for comparable employment in an amount in excess of the jurisdiction of this

6   court.

7        13.    As a further direct and proximate result of BAC's unlawful conduct, Plaintiff has

8   suffered extreme and severe anguish, humiliation, emotional distress, nervousness, tension, and

9   anxiety, the extent of which is not fully known at this time but is in excess of the minimum

10   jurisdiction of this court.

11   **SECOND CAUSE OF ACTION**

12   (Breach of the Covenant of Good Faith and Fair Dealing)

13        13.    Plaintiff repeat and realleges, as if fully set forth herein, each and every allegation

14   contained in paragraphs 1 through 13 above, and further allege:

15        14.    As a result of the employment relationship which existed between Plaintiff and BAC,

16   the expressed and implied promises made in connection with that relationship, and the acts, conduct,

17   and communications resulting in these implied promises, BAC promised to act in good faith toward

18   and deal fairly with Plaintiff which requires, among other things, that:

19        a) Each party in the relationship must act with good faith toward the other concerning

20   all matters related to the employment;

21        b) Each party in the relationship must act with fairness toward the other concerning

22   all matters related to the employment;

23        c) Neither party would take any action to unfairly prevent the other from obtaining

24   the benefits of the employment relationship;

25        d) Defendant employer would similarly treat employees who are similarly situated;

26        e) Defendant employer would comply with its own representations, rules, policies,

27   and procedures in dealing with Plaintiff;

28

4

1    f)  Defendant employer would not terminate Plaintiff without a fair and honest cause,

2    regulated by good faith on Defendant employer's part;

3    g)  Defendant employer would terminate Plaintiff in an unfair manner;

4    h)  Defendant employer would give Plaintiff's interests as much consideration as it

5    gave its own interests.

6    15.    Defendant employer's termination of Plaintiff was wrongful, in bad faith, and unfair,

7    and therefore a violation of Defendant employer's legal duties.  Plaintiff further alleges that

8    Defendant employer breached the covenant of good faith and fair dealing when it:

9    a)  Repeatedly refused to abide by its own policies when dealing with Plaintiff;

10    b)  Repeatedly denied the existence of the contract and the agreements made with

11    Plaintiff;

12    c)  Unfairly prevented Plaintiff from obtaining the benefits of his employment

13    relationship;

14    d)  Treated similarly employees differently by allowing those employees to  perform

15    similar activities as did Plaintiff, without discipline and/or termination;

16    e)  Terminated Plaintiff's employment for false reasons and in a manner that was

17    inconsistent with Defendant employer's policies and practices.

18    16.    Defendant employer's breach of the covenant of good faith and fair dealing was a

19    substantial factor in causing damage and injury to Plaintiff. As a direct and proximate result of

20    Defendant employer's unlawful conduct alleged in this complaint, Plaintiff has lost substantial

21    employment benefits with Defendant employer, including loss of reputation, lost wages, and other

22    employee fringe benefits in an amount in excess of the jurisdiction of this court.

23    17.    As a further and proximate result of defendant employer's wrongful conduct, Plaintiff

24    has suffered extreme anguish, humiliation, and emotional distress, the extent of which is not fully

25    known at this time, but the amount of damages are in excess of the jurisdiction of this court.

26

27

28

**THIRD CAUSE OF ACTION**

(Violation of Public Policy)

18.     Plaintiff repeat and realleges, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 17 above, and further allege:

19.     When Plaintiff's employment was terminated, he was owed wages in the form of commissions and bonuses that were earned. BAC failed, and continues to fail, to pay Plaintiff the commissions and bonuses he earned, in direct violation of California Labor Code Section 201. It is the public policy of the State of California, as set forth in Labor Code Section 201 that employees be paid in full all amounts owed to them when they are terminated.

20.     As a direct, foreseeable, and proximate result of Defendant employer's refusal to pay Plaintiff the commissions and bonuses he was entitled to, in direct violation of Labor Code Section 201 and the public policy of the State of California, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, and job benefits, in an amount in excess of the jurisdiction of this court.

21.     Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the award of punitive damages against Defendant employer in an amount appropriate to punish and make an example of Defendant employer.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.     Damages to compensate Plaintiff for lost wages and loss of future earning capacity, in an amount according to proof;

2.     For punitive damages;

3.     Damages to compensate Plaintiffs for pain and suffering in an amount according to proof;

4.     For costs of suit herein; and

5.     For such other and further relief as the Court deems just and proper.

1

2  DATED  5/16/2011                                    **SMITHERS & PLAYER**

3

4

5

6  Paul E. Smithers- State Bar #104917
   Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>BANK OF AMERICA CORPORATION and DOES 1 through 100,<br>inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>ELI FAIRFIELD | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>MAY 19 2011<br><br>John A. Clarke, Executive Officer/Clerk<br><br>By T. Rhodes, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES SUPRIOR COURT, 825 MAPLE AVE., TORRANCE,<br>CA. 90503 | **CASE NUMBER:**<br>*(Número del Caso):*<br>YC064839 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
PAUL E. SMITHERS, SMITHERS & PLAYER, 17190 BERNARDO CENTER DRIVE, SAN DIEGO, CA.
858-692-1800

| DATE:   MAY 19 2011 | JOHN A. CLARKE | Clerk, by   T. RHODES | , Deputy |
|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* BANK OF AMERICA CORPORATION

   under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.JuriSearch.com |

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>PAUL E. SMITHERS      SBN 104917<br>SMITHERS & PLAYER<br>17190 BERNARDO CENTER DRIVE, SAN DIEGO, CA.<br><br>TELEPHONE NO.: 858-692-1800      FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*  PLAINTIFF | *FOR COURT USE ONLY* |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 825 MAPLE AVE.<br>MAILING ADDRESS: TORRANCE, CA. 90503<br>CITY AND ZIP CODE:<br>BRANCH NAME: SOUTHWESTERN |

| | |
|---|---|
| PLAINTIFF/PETITIONER: ELI FAIRFIELD | CASE NUMBER:<br>YCO64839 |
| DEFENDANT/RESPONDENT: BANK OF AMERICA CORP. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
    a. ☑ summons
    b. ☑ complaint
    c. ☑ Alternative Dispute Resolution (ADR) package
    d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
    e. ☐ cross-complaint
    f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
    BANK OF AMERICA CORP.

    b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
    CT CORP.

4. Address where the party was served:
    818 W. SEVENTH STREET, LOS ANGELES, CA.
5. I served the party *(check proper box)*
    a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*      (2) at *(time):*
    b. ☐ **by substituted service.** On *(date):*      at *(time):*      I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

    (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

    (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

    (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

    (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*      from *(city):*      or ☐ a declaration of mailing is attached.

    (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: ELI FAIRFIELD | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: BANK OF AMERICA CORP. | YCO64839 |

5.  c.  [✓]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the
           address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):* 5/24/2011        (2) from *(city):* SAN DIEGO, CA.

    (3)  [✓]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed
           to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

    (4)  [ ]  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  [ ]  **by other means** *(specify means of service and authorizing code section):*

    [ ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  [ ]  as an individual defendant.
  b.  [ ]  as the person sued under the fictitious name of *(specify):*
  c.  [ ]  as occupant.
  d.  [✓]  On behalf of *(specify):*
    under the following Code of Civil Procedure section:

|   |   |
|---|---|
| [✓] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
|   | [ ] other: |

7.  **Person who served papers**
  a.  Name: PAUL E. SMITHERS
  b.  Address:
  c.  Telephone number:
  d.  The fee for service was: $
  e.  I am:
    (1)  [ ]  not a registered California process server.
    (2)  [✓]  exempt from registration under Business and Professions Code section 22350(b).
    (3)  [ ]  a registered California process server.
      (i)  [ ]  owner  [ ] employee  [ ] independent contractor.
      (ii)  Registration No.:
      (iii)  County:

8.  [✓]  **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

    or

9.  [ ]  **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date: 5/24/2011

PAUL E. SMITHERS
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *(signature)*    (SIGNATURE )

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| PAUL E. SMITHERS   SBN 104917<br>SMITHERS & PLAYER<br>17190 BERNARDO CENTER DRIVE, SAN DIEGO, CA.<br>TELEPHONE NO.: 858-692-1800          FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* PLAINTIFF | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 825 MAPLE AVE.
MAILING ADDRESS: TORRANCE, CA. 90503
CITY AND ZIP CODE:
BRANCH NAME: SOUTHWESTERN

PLAINTIFF/PETITIONER: ELI FAIRFIELD

DEFENDANT/RESPONDENT: BANK OF AMERICA CORP.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>YCO64839 |
|---|---|

TO *(insert name of party being served):* BANK OF AMERICA CORP.

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 5/24/2011

PAUL E. SMITHERS
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):* ADR PACKAGE; NOTICE OF CASE ASIGNMENT

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| PAUL E. SMITHERS   SBN 104917<br>SMITHERS & PLAYER<br>17190 BERNARDO CENTER DRIVE, SAN DIEGO, CA.<br>TELEPHONE NO.: 858-692-1800          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): PLAINTIFF | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 825 MAPLE AVE.
MAILING ADDRESS: TORRANCE, CA. 90503
CITY AND ZIP CODE:
BRANCH NAME: SOUTHWESTERN

PLAINTIFF/PETITIONER: ELI FAIRFIELD

DEFENDANT/RESPONDENT: BANK OF AMERICA CORP.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>YCO64839 |
|---|---|

TO (insert name of party being served): BANK OF AMERICA CORP.

---

**· NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 5\24\2011

PAUL E. SMITHERS
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. ☑  A copy of the summons and of the complaint.
2. ☑  Other (specify): ADR PACKAGE; NOTICE OF CASE ASIGNMENT

**(To be completed by recipient):**

Date this form is signed:

_____          ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,              (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10

# EXHIBIT C

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| PAUL E. SMITHERS   SBN 104917<br>SMITHERS & PLAYER<br>17190 BERNARDO CENTER DRIVE, SAN DIEGO, CA. 92128<br>TELEPHONE NO.: 858-692-1800   FAX NO.:<br>ATTORNEY FOR *(Name):* PLAINTIFF ELI FAIRFIELD | **FILED**<br>LOS ANGELES SUPERIOR COURT<br>MAY 19 2011<br>JOHN A. CLARKE, CLERK<br>BY T. RHODES, DEPUTY<br><br>SOUTHWEST DISTRICT   MAY 19 2011 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 825 MAPLE AVENUE
MAILING ADDRESS: TORRANCE, CA. 90503
CITY AND ZIP CODE:
BRANCH NAME: TORRANCE

CASE NAME: ELI FAIRFIELD v. BANK OF AMERICA CORP.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: YC064839 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action *(specify):* 3
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5/16/11

PAUL E. SMITHERS
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.Jurisearch.com |

| SHORT TITLE: FAIRFIELD v. BANK OF AMERICA CORPORATION | CASE NUMBER YC064839 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5 ___ ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: FAIRFIELD v. BANK OF AMERICA CORPORATION | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Employment | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5.,8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: FAIRFIELD v. BANK OF AMERICA CORPORATION | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐  A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐  A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐  A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐  A6141  Sister State Judgment | 2., 9. |
| | | ☐  A6160  Abstract of Judgment | 2., 6. |
| | | ☐  A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐  A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐  A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐  A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐  A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐  A6121  Civil Harassment | 2., 3., 9. |
| | | ☐  A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐  A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐  A6190  Election Contest | 2. |
| | | ☐  A6110  Petition for Change of Name | 2., 7. |
| | | ☐  A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐  A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| FAIRFIELD v. BANK OF AMERICA CORPORATION | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS:  BANK OF AMERICA  17204 HAWTHORNE BLVD.  TORRANACE, CA. 90504 |
|---|---|
| ☐1. ☐2. ☑3. ☐4. ☑5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| TORRANCE | CA | 90504 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the TORRANCE_____ courthouse in the SOUTHWEST_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 5/16/2011

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

# EXHIBIT D

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| PAUL E. SMITHERS   SBN 104917 | |
| SMITHERS & PLAYER | |
| 17190 BERNARDO CENTER DRIVE, SAN DIEGO, CA. | |
| TELEPHONE NO: 858-692-1800   FAX NO: *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: PLAINTIFF | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 825 MAPLE AVE.
MAILING ADDRESS: TORRANCE, CA. 90503
CITY AND ZIP CODE:
BRANCH NAME: SOUTHWESTERN

PLAINTIFF/PETITIONER: ELI FAIRFIELD

DEFENDANT/RESPONDENT: BANK OF AMERICA CORP.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: |
|---|---|
| | YCO64839 |

TO *(insert name of party being served)*: BANK OF AMERICA CORP.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 5/24/2011

PAUL E. SMITHERS
_____
(TYPE OR PRINT NAME)          ▶          _____
                                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify)*: ADR PACKAGE; NOTICE OF CASE ASIGNMENT

*(To be completed by recipient)*:

Date this form is signed: 6/13/11

Camilo Echavarria for Bank of America Corp.
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)          ▶          _____
                                          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
                                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On June 13, 2011, I served the foregoing document(s) described as: **NOTICE AND ACKNOWLEDGEMENT OF RECEIPT - CIVIL** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

> Paul E. Smithers, Esq.
> Smithers & Player
> 17190 Bernardo Center Drive
> San Diego,  CA 92128

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on June 13, 2011, at Los Angeles, California.

☑   State   I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐   Federal   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| Miriam Cardona | _(signature)_ |
| Print Name | Signature |

PROOF OF SERVICE
DWT 17370932v1 0089481-000039

i

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT E

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

CONFORMED COPY
Reserved for Clerk's File Stamp
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 19 2011

John A. Clarke, Executive Officer/Clerk

By T. Rhodes, Deputy

**COURTHOUSE ADDRESS:**

**PLAINTIFF:** *Fairfield*

**DEFENDANT:** *B of A*

**CASE NUMBER:** YC064839

## NOTICE OF CASE MANAGEMENT CONFERENCE

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

**Date:** 10-26-11   **Time:** 8:30   **Dept:** E

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Gary Nishimoto

Dated: ___5-19-11___

_____
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in ___Torrance___, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Paul E. Smithers
17190 Bernardo Ctr. Dr.
San Diego, CA 92128

JOHN A. CLARKE, Executive/Officer Clerk
T. RHODES

Dated: ___5-20-11___

By _____
Deputy Clerk

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Seven

Original – File          Copy - Party

# EXHIBIT F

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May <u>Not</u> Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May <u>Not</u> Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# EXHIBIT G

NOTICE SENT TO:

SMITHERS, PAUL E.
17190 BERNARDO CENTER DRIVE
SAN DIEGO            CA    92128

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior court

MAY 2 4 2011

John A. Clarke, Executive Officer/Clerk

By C. Sahaba, Deputy

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| ELI FAIRFIELD | Plaintiff(s), | YC064839 |
| VS. | | |
| BANK OF AMERICA CORPORATION,   ET AL | Defendant(s). | **ORDER TO SHOW CAUSE HEARING** |

To the party/attorney of record: **PAUL E. SMITHERS**

You are ordered to appear for an Order to Show Cause Hearing on  July 28, 2011  at  8:30 am  in  Dept. SW E  of this court, Southwest District, 825 Maple Avenue, Torrance, California 90503, and show cause why sanctions should not be imposed for:

**FAILURE TO PROSECUTE CASE**

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[ ] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [✓] Clerk's Office, Room _100_ at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the  premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[ ] You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

Dated:  June 23, 2011

**JUDGE GARY H. NISHIMOTO**
Judicial Officer

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Torrance, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date:  June 23, 2011

John A. Clarke, EXECUTIVE OFFICER/CLERK

By_____ **C. SAHABA** _____, Deputy Clerk

ORDER TO SHOW CAUSE HEARING

LACIV 166-11 (Rev. 09/08)
LASC Approved 06-04

LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.30

# EXHIBIT H

COPY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 21 2011

John A. Clarke, Executive Officer/Clerk

By M. Horan, Deputy

1 | CAMILO ECHAVARRIA (State Bar No. 192481)
    camiloechavarria@dwt.com
2 | DAVIS WRIGHT TREMAINE LLP
    865 South Figueroa Street, 24th Floor
3 | Los Angeles, California 90017-2566
    Telephone: (213) 633-6800
4 | Fax: (213) 633-6899

5 | Attorneys for Defendant
    BANK OF AMERICA, N.A. incorrectly sued as BANK
6 | OF AMERICA CORPORATION

7 |                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

8 |                       FOR THE COUNTY OF LOS ANGELES

9 |                              SOUTHWEST DISTRICT

10 |

11 | ELI FAIRFIELD,                          )  Case No. YC 064839
12 |                                         )
                            Plaintiff,       )  **DEFENDANT'S ANSWER TO**
13 |                                         )  **PLAINTIFF'S UNVERIFIED**
              vs.                            )  **COMPLAINT**
14 |                                         )
    BANK OF AMERICA CORPORATION and          )
15 | DOES 1 through 100, inclusive,          )
                                             )  Assigned to the Hon. Cary Nishimoto
16 |                            Defendants.   )  Dept. E
                                             )
17 |                                         )  Action Filed:  May 19, 2011
                                             )
18 | _____)

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

COURTESY COPY

Defendant BANK OF AMERICA, N.A. incorrectly sued as BANK OF AMERICA CORPORATION ("Defendant"), answering for itself and no others, in response to the unverified Complaint for Damages ("Complaint") filed by plaintiff ELI FAIRFIELD ("Plaintiff"), responds as follows:

## GENERAL DENIAL

1.      Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's Complaint and each and every cause of action therein.

2.      Defendant further denies that Plaintiff has sustained any injury, damage or loss by reason of any act or omission on the part of Defendant, and specifically denies that Plaintiff suffered any of the damages alleged in the Complaint.

3.      Defendant further denies that Plaintiff is entitled to any relief against Defendant on any ground whatsoever, and denies that Plaintiff is entitled to damages against Defendant in any amount.

## AFFIRMATIVE DEFENSES

Having fully answered the allegations in the Complaint, Defendant asserts the following additional affirmative and other defenses.  In so doing, Defendant does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State A Claim)

1.      The Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause, or causes, of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Laches/Waiver/Estoppel/Unclean Hands)

2.      The Complaint, and each and every cause of action therein, is barred by the equitable doctrines of laches, waiver, estoppel, and unclean hands.

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### THIRD AFFIRMATIVE DEFENSE

#### (Employment At-Will)

3.    The Complaint, and each and every cause of action therein, is barred because Plaintiff was an employee at will pursuant to California Labor Code § 2922 and was not entitled to continued employment.

### FOURTH AFFIRMATIVE DEFENSE

#### (Parol Evidence Rule)

4.    Plaintiff is barred from recovering under the Complaint, and in particular under the Complaint's first and second cause of action, in whole or in part, by operation of the parol evidence rule.

### FIFTH AFFIRMATIVE DEFENSE

#### (Lack of Performance)

5.    The breach of contract and breach of the implied covenant of good faith and fair dealing causes of action are barred because, assuming *arguendo* that any agreement for employment existed between Defendant and Plaintiff, Plaintiff did not perform all conditions, covenants or promises required of Plaintiff to be performed.

### SIXTH AFFIRMATIVE DEFENSE

#### (After-Acquired Evidence)

6.    The Complaint, and each and every cause of action therein, is barred to the extent that Defendant has discovered facts, or may later discover facts, which, if known to Defendant prior to Plaintiff's termination of employment, would have created additional grounds or bases for Defendant's decision to termination Plaintiff's employment.

### SEVENTH AFFIRMATIVE DEFENSE

#### (No Public Policy Violated)

7.    The third cause of action is barred because Defendant's conduct did not violate any established public policy.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**TWELFTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Unconstitutional)**

12.    Plaintiff is precluded from recovering punitive damages, either in whole or in part, from Defendant, under the applicable provisions of law, including, but not limited to Article I, Section 10, Article IV, Section 2 and the First, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Section 7, 9, 15, 17, and Article IV, Section 16 of the California Constitution and California Civil Code Section 3294.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Additional Affirmative Defenses)**

13.    Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that it would be appropriate.

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing by way of the Complaint;

2.    That the Complaint be dismissed with prejudice and judgment entered in favor of Defendant;

3.    That Defendant be awarded its costs of suit;

4.    That Defendant be awarded attorneys' fees pursuant to statute and/or contract; and

5.    For such other and further relief as the Court deems just and proper.

DATED:  June 20, 2011

DAVIS WRIGHT TREMAINE LLP
CAMILO ECHAVARRIA

By:_____
          Camilo Echavarria

Attorneys for Defendant
BANK OF AMERICA, N.A. incorrectly sued as
BANK OF AMERICA CORPORATION

DEFENDANT'S ANSWER TO COMPLAINT
DWT 17371299v1 0089481-000039

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On June 2, 2011, I served the foregoing document(s) described as: **DEFENDANT'S ANSWER TO UNVERIFIED COMPLAINT** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

> Paul E. Smithers
> Smithers & Player
> 17190 Bernardo Center Drive
> San Diego, CA 92128

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on June 2, 2011, at Los Angeles, California.

☒    State          I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐    Federal        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Miriam Cardona
Print Name

Signature

DEFENDANT'S ANSWER TO COMPLAINT
DWT 17371299v1 0089481-000039

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On June        , 2011, I served the foregoing document(s) described as: **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

> Paul E. Smithers
> Smithers & Player
> 17190 Bernardo Center Drive
> San Diego, CA 92128

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on June _____, 2011, at Los Angeles, California.

☐   State   I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☑   Federal   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Miriam Cardona
_____          _____
Print Name                                      Signature

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY MAIL

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

    On June 23, 2011, I served the foregoing document(s) described as: **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

> Paul E. Smithers
> Smithers & Player
> 17190 Bernardo Center Drive
> San Diego, CA 92128

    I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

    Executed on June 23, 2011, at Los Angeles, California.

☐    State      I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☑    Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| Miriam Cardona | _(signature)_ |
| Print Name | Signature |

NOTICE OF REMOVAL
DWT 17437929v1 0089481-000039

**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899